UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- x
YADWINDER SINGH, on behalf of           :   Civil Action No.
himself and others similarly situated,  :                            18-3990
                                        :
            Plaintiff,                  :   **FLSA COLLECTIVE ACTION and**
 - against                              :   **RULE 23 CLASS ACTION**
                                        :   **COMPLAINT**
SAM'S SURPRISES, INC., SUBHASH          :
GANDHI, DAISY DELGADO GANDHI            :
and SANAM GANDHI,                       :   **Jury Trial Demanded**
                                        :
            Defendants.                 :
--------------------------------------------------x

Plaintiff Yadwinder Singh ("Plaintiff"), on behalf of himself and other similarly situated employees, as class representative, by and through his attorney, Mohammed Gangat, files this Complaint against defendants Sam's Surprises, Inc. ("SS Inc"), Subhash Gandhi, Daisy Delgado Gandhi, and Sanam Gandhi (collectively, "Defendants") and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he and a proposed FLSA Collective of others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment interest, and (5) attorneys' fees.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and a proposed class of other similarly situated employees are entitled to recover from Defendants: (1) unpaid minimum wage; (2) unpaid overtime; (3) unpaid spread of hours premium; (4) statutory damages arising out of Defendants failure to provide required wage and hour law notices; (5) liquidated damages and civil penalties pursuant to the New York Labor

Law and the New York State Wage Theft Prevention Act; (6) prejudgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens, New York.

6. Defendant SS Inc (the "Corporate Defendant") is an entity incorporated in the State of New York, and does business at the locations identified herein.

7. SS Inc is in a cigarette wholesaler. It sources cigarettes from suppliers outside New York City and outside New York State, and resells those cigarettes throughout the city in smaller quantities. SS Inc is registered with the New York Department of State as doing business at 81-03 Northern Blvd., Jackson Heights, NY 11372.

8. Defendant Subhash Gandhi a/k/a Sam Gandhi, is the co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant, who actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and

the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant and the other Individual Defendants.

9. Defendant Daisy Delgado Gandhi is the co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant, who actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant and the other Individual Defendants.

10. Defendant Sanam Gandhi is the co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant, who actively participates in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant and the other Individual Defendants.

11. Defendants exercise control over the terms and conditions of their employees' employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

12. At all relevant times, Defendants met the definition of an "employer" under all applicable statutes.

13. Defendants are responsible under the law to maintain employment records of the

Plaintiff's employment at SS Inc, including records of wages paid and hours worked.

14. Defendants hired and continuously employed Plaintiff in the State of New York to work as a non-exempt employee.

15. The work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

16. Defendants are in the business of wholesaling cigarettes.

17. Defendants hired Plaintiff in February 2015.

18. At the time of hiring, Defendants promised Plaintiff $400 in weekly wages and told Plaintiff he would be required to work six days per week, performing deliveries.

19. From February 2015 to October 2015, Plaintiff worked for Defendants doing deliveries 6 days per week, starting at 8:30 am and concluding the day at around 6:30 pm and occasionally later, including as late as 8 pm, the end time of each day varying depending on traffic and the total volume of deliveries assigned to Plaintiff for that day.

20. From in or around October 2015-March 2016, Plaintiff continued working under this arrangement except that his weekly wages were increased to $500.

21. From in or around April 2016-January 2017, Plaintiff did not work for Defendants.

22. From in or around February 2016-May 2018, Plaintiff worked under the same arrangement as before except that his weekly wages were increased to $600 and Defendants changed Plaintiff's work assignments, transitioning him from delivery duties to in-office work, where he was responsible for a host of duties, including general office administrative work, administrative work related to deliveries and customer service.

23. Plaintiff had direct conversations with other employees where those employees disclosed Defendants paid those employees a flat weekly salary despite working a different number of hours each week and always in excess of 40 hours per week.

24. Defendants had a policy of paying hourly employees only a flat weekly salary and never increasing that salary to account for the required overtime premium even though the salary amounted to an effective hourly rate at or below minimum wage.

25. Defendants failed to provide wage statements for each week that Plaintiff and other employees worked.

26. Defendants failed to provide Plaintiff and other employees with required wage notices indicating rate of pay, and overtime rate.

27. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

28. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

29. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and other similarly situated employees with notice of wage and hour laws, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations, as part of an intentional and coordinated scheme to deprive

Plaintiff and sales associates of their rights under state and federal wage and hour laws.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this action individually and as class representatives on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants as an hourly employee between July 10, 2015 and the date of final judgment in this matter (the "FLSA Collective").

31. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty five (25) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

32. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

33. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

34. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

35. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants had the power to hire and fire Plaintiff and the Collective Action Members;

    c. Whether the Defendants had the power to set compensation policies for the Plaintiff and the Collective Action Members;

    d. Whether the Defendants had the power to set conditions of employment for the Plaintiff and the Collective Action Members;

    e. Whether the Defendants had the power to set the work schedules of the Plaintiff and the Collective Action Members;

    f. Whether the Defendants maintained employee records, including records of

certifications and qualifications required to work, with respect to Plaintiff and the Collective Action Members;

g. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

i. Whether the Defendants failed to pay the Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder.

36. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

37. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

38. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

39. Plaintiff brings her New York Labor Law claims on behalf of all persons who were employed by Defendants at any time in the six years preceding the date the complaint in this action was filed (the "Class Period") as a hourly employee between July 10, 2012 and the date of final judgment in this matter (the "Collective Action Members").

40. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

41. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

42. The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

43. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

44. Plaintiff will fairly and adequately protect the interests of the NY Class members. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that she must consider the interests of the Class and Collective Action Members just as she would represent and consider her own interests, and that she may not favor her own interests over those of the Class or Collective Action Members.

45. Plaintiff recognizes that any resolution of a class action lawsuit, including any

settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and she understands that she may be called upon to testify in depositions and at trial.

46. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff claims are typical of the Class.

47. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

   b. Whether the Defendants had the power to hire and fire Plaintiff and the Class members;

   c. Whether the Defendants had the power to set compensation policies for Plaintiff and the Class members;

   d. Whether the Defendants had the power to set conditions of employment for the Plaintiff and the Class members;

   e. Whether the Defendants had the power to set work schedules for the Plaintiff and the Class members;

   f. Whether the Defendants maintained employees' records, including records of certifications and qualifications required to work for the Plaintiff and the Class member;

   g. Whether the Defendants failed to pay the Plaintiff and the Class members the applicable minimum wage for all straight time hours worked, the required

overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

h.  Whether the Defendants failed to pay Plaintiff and the Collective Action Members required spread of hours pay for each hour they worked in excess of 10 hours per day;

i.  Whether the Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

j.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I

### [Violation of the Fair Labor Standards Act]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000. In this regard, Plaintiff notes that Defendants operate cigarette wholesale business that sources product from outside New York state and resells it in New York state. The products are also manufactured outside of New York state.

52. Upon information and belief, at all relevant times, Defendants have had employees, including the Plaintiff and all other hourly employees, engaged in commerce and selling goods that have been moved in or produced for commerce.

53. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

54. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

55. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

56. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

57. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

58. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

59. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

60. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

61. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### [Violation of the New York Labor Law]

62. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "61" of this Complaint as if fully set forth herein.

63. Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

64. Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay Plaintiff and the Class members required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

65. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.

66. Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay "spread of hours" premium to Plaintiff and the Class members for each day they worked in excess of ten (10) hours pursuant to New York state law.

67. Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

68. Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and related regulations.

69. Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and related regulations.

70. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

71. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law and related regulations.

72. At the time of their hiring, Defendants failed to notify Plaintiff and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

73. Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for overtime compensation for all overtime hours, "spread of hours" premium, reimbursement of the cost of deductions from wages made by Defendants', reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

74. Additionally, Defendants are liable to Plaintiff for statutory damages arising from Defendants failure to provide required wage notices at the time of each payment of wages and at the time of hiring.

75. Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Yadwinder Singh, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as a sales associate, with such notice informing employees that this civil action has been filed, the nature of the action, and of the employees' right to join this lawsuit if the employee believes he or she was denied proper wages;

ii. An award for unpaid minimum wage and overtime compensation due under the FLSA and New York Labor Law;

iii. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act in the amount of $50 for each workweek Defendants failed to provided Plaintiff and any class member proper annual wage notices as provided by NYLL Article 6, Section 198, and statutory penalties in the amount of $100 for each workweek Defendants failed to provided Plaintiff and any class member proper wage statements as provided by NYLL Article 6, Section 198;

vi. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

vii. Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

viii. Payment of a service award to Plaintiff, in recognition of the services he renders to the FLSA Collective and Rule 23 Class;

ix. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL and supporting regulations;

x. An award of prejudgment and post-judgment interest;

xi. An award of costs and expenses associated with this action, together with reasonable

      attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xii.    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      July 10, 2018               **LAW OFFICE OF MOHAMMED GANGAT**

                                          By: *[signature]*

                                                _____
                                                Mohammed Gangat, Esq.
                                                675 3rd Avenue, Suite 1810
                                                New York, NY
                                                (718) 669-0714
                                                mgangat@gangatllc.com

                                                *Attorneys for Plaintiff Yadwinder Singh*